(48 Misc. Rep. 339.)

## HALE v. WORSTELL et al.

(Supreme Court, Appellate Division, Second Department.　April 21, 1905.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—RULES—VIOLATION OF LAW.

A city civil service rule, which sanctions a promotion in the civil service in violation of Const. art. 5, § 9, and New York City Charter, Laws 1901, p. 48, c. 466, § 123 et seq., requiring appointments to and promotions in the civil service to be from competitive examinations and according to the rating established thereby, is void.

2. SAME—CIVIL SERVICE—PROMOTIONS.

Transfers of a bath attendant, whose salary as such was $900 a year, and of a third grade clerk in the bureau of buildings, with a salary of $1,050 a year, to the positions of assistant superintendents of public baths and comfort stations, which carried with them a salary of $1,500 a year, were promotions, and in violation of Const. art. 5, § 9, and N. Y. City Charter, Laws 1901, p. 48, c. 466, § 123 et seq., which require appointments to and promotions in the civil service to be from competitive examinations and according to the rating established thereby, where the bath attendant was seventh, and the third grade clerk seventeenth, on the eligible list for the position to which they were appointed, and they were both appointed without regard to those prior to them on such list.

Appeal from Special Term, Kings County.

Action by William H. Hale against John P. Worstell, Joseph P. McNamara, Edward M. Grout, as comptroller of the city of New York, and others, to restrain the payment of salaries to defendants Worstell and McNamara for the positions of superintendent and assistant superintendent of public baths and comfort stations in the borough of Brooklyn.　From a judgment for plaintiff, defendants appeal.　Affirmed.

The following is the opinion of the court below:

GAYNOR, J.　It appears to me that the so-called transfers of the defendants Worstell and McNamara were in law and in fact promotions, and contrary to the Constitution (article 5, § 9) and the Civil Service Statute (City Charter, Laws 1901, p. 48, c. 466 § 123 et seq.), which require that both appointments and promotions shall be from competitive examinations and according to the rating established thereby.

In April, 1903, such an examination was conducted by the Municipal Civil Service Commissioners for the positions of Superintendent and Assistant Superintendent of Public Baths and Comfort Stations in the borough of Brooklyn; and on the eligible list made up therefrom the defendants Worstell and McNamara were rated, respectively, as 7th and 17th, the same list being for both positions.

At that time the defendant Worstell held the inferior position of bath attendant at a salary of $900 a year, having been appointed from an eligible list for that position.　On July 6th, 1903, he was transferred at the request of the appointing officer and by a certificate of the city Civil Service Commissioners to the position of Assistant Superintendent of Public Baths and Comfort Stations at a salary of $1,500 a year; and on December 1st in the same year he was transferred in the same way to the position of Superintendent at a salary of $2,550 a year.

If he was eligible to be transferred from Assistant Superintendent to Superintendent, he would first have to be legally an Assistant Superintendent.　I do not think he was such.　His transfer from the position of bath attendant to that of Assistant Superintendent was a promotion, and contrary to the constitution and the statute.　If city Civil Service rule 14 (formerly rule 40) could be construed to sanction it, such rule would be void.　Those prior to him on the eligible list cannot be crowded off in any such way.

The case of McNamara is even worse.　He was transferred to the position

of Assistant Superintendent of Public Baths and Comfort Stations with a salary of $1,500 a year on December 29th, 1903, from a third grade clerkship in the bureau of buildings of the borough of Brooklyn with a salary of $1,050 a year. Though 17th on the eligible list he in this way got the position over the heads of those ahead of him on the eligible list.

The positions of bath attendant and third grade clerk from which these two defendants were transferred have duties entirely different to those of Superintendent and Assistant Superintendent of Baths and Comfort Stations. This is so manifest that it does not need to be stated.

Judgment for the plaintiff as prayed for.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Charles S. Kelby, for appellants.
John J. Delany, Corp. Counsel, for the city.
McKeen, Brewster & Morgan, for respondent.

PER CURIAM. Affirmed.

---

### BAER v. ERIE R. CO.

(Supreme Court, Trial Term, Sullivan County. May, 1905.)

1. RAILROADS—REORGANIZATION—RECEIVERS' LIABILITIES.

Where a transfer of railroad property in the hands of receivers was made pursuant to a statute prescribing a plan for the transfer of the railroad franchise and property by the receivers to a new corporation, through a reorganization committee, the real parties to the transaction being the receivers on the one hand and the new corporation on the other, a holder of a claim against the receivers, arising out of a tort committed by them in the operation of the road, was entitled to enforce a condition in the deed against the reorganized corporation, by which the latter assumed all liabilities incurred by the receivers, though there was no liability on the part of the reorganization committee to plaintiff at the time of the transfer.

2. SAME—JUDGMENT AGAINST RECEIVER—LIMITATIONS.

Where a suit for damages, based on negligence of the receivers of a railroad company in the operation thereof, was brought against them within the time prescribed by law, and on the discharge of the receivers the conduct of the suit was assumed by a reorganized corporation, which covenanted to save the receivers harmless from any liability incurred by them in the operation of the road, the reorganized corporation was not entitled to plead limitations as a defense to an action on the judgment subsequently recovered in such suit, as its liability is on its covenants to save the receivers harmless.

Action by Elias Baer, as executor, etc., against the Erie Railroad Company. Judgment for plaintiff.

John F. Anderson, for plaintiff.
Bacon & Merritt, for defendant.

HASBROUCK, J. The lands, timber, etc., of the plaintiff's testator, were damaged in August, 1893, by fire which had escaped from a locomotive operated by the receivers of the New York, Lake Erie & Western Railroad Company and fallen upon its right of way and spread to the plaintiff's lands. John C. McCullough and John King were appointed